EDWIN W. HARING ET AL. *v.* OMERA L. FLOWERS.

[45 South., 571.]

WILLS. *Construction. Life estate. Fee simple devise.*

> A will devising all the property of the testatrix to her sister invests the sister with a fee simple title to lands of the testatrix, although the devise be followed by the words " at her death her heirs are to have it."

FROM the chancery court of Claiborne county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Haring and others, appellant, were complainants in the court below; Flowers, the appellee, was defendant there. From a decree denying them relief complainants appealed to the supreme court.

The purpose of the suit was to set aside a conveyance made by Eliza J. Haring under which the appellee claimed the land in controversy. The land formerly belonged to Amelia A. McLain who, dying in October, 1878, the Code of 1871 being in effect, devised the land to Eliza J. Haring, but whether for life or in fee was the question in the case. The will of Mrs. McLain is set forth in full in the opinion of the court. In 1892 Eliza J. Haring by deed conveyed the land to one Corbin, who, in 1897, conveyed it to Flowers. Eliza J. Haring died intestate in 1903, and the complainants then begun this suit. They are heirs at law, children and grandchildren, of Mrs. Haring, but claim that she, their mother and grandmother, was vested only with a life estate in the land, under the will of Mrs. McLain, and that at her death the land became theirs under Mrs. McLain's will. The appellee's an-

swer denied only the propositions of law propounded in the bill.

*C. A. French,* for appellants.

Mrs. McLain died in October, 1878, and accordingly the Code 1871, ch. 52, controls in this case, under which a person may by express words limit an estate to less than a fee simple. This is what Mrs. McLain's will sought to do by the words, " at her death her heirs are to have it," the pronoun " her " referring to Eliza J. Haring. The intent of the testator is the pole star to guide the court in construing a will. *Johnson v. Delome Land, etc., Co.,* 77 Miss., 15.

Under Code 1871, § 2286, Mrs. McLain could devise her land to her sister, Eliza J. Haring, for life, with remainder over to her children then living; and this is what she sought to do. *Middlesex Banking Co.* v. *Field,* 84 Miss., 646; *Acree* v. *Dabney,* 32 South., 127; 13 Cyc., 604; 11 Am. & Eng. Ency. Law (2 ed.), 372, 380.

Learned counsel for appellee seem to have overlooked the fact that the will was made, and the death of the testatrix occurred, before the adoption of the Code of 1880, and therefore the provisions of the Codes of 1880, and 1892, and 1906 cannot apply in this case, unless brought forward from the Code of 1871.

*J. McC. Martin,* for appellee.

Did the will of Mrs. McLain create a life estate in Eliza J. Haring with remainder over on her death, to the appellants as her heirs? Kent in his Commentaries, vol. 4, § 5, p. 5, says that " a fee simple is a pure inheritance, clear of any qualification or condition, and it gives a right of succession to all of the heirs generally." In Sharswood's Blackstone, § 106, p. 104, it is said that " a tenant in fee simple, or in fee, is he who has lands, tenements or hereditaments to hold to him and his heirs forever, generally, absolutely and simply,

without mentioning what heirs, but referring that to his own pleasure or to the disposition of the law." In 4 Kent's Commentaries (18 ed.), 198, it is stated that " a remainder is a remnant of an estate in land, depending upon a particular prior estate, created at the same time, and by the same instrument, and limited to arise immediately on the determination of that estate and not in abridgment of it." And on p. 234 of the same work, it is further stated that " there must be a particular estate to precede a remainder, for it necessarily implies that a part of the estate has already been carved out of it and vested in immediate possession in some other person." By Code 1880, § 1189; Code 1892, § 2435, and Code 1906, § 2764, it is provided that every estate in lands granted, conveyed or devised, although the words deemed necessary by the common law to transfer an estate of inheritance be not added, shall be deemed a fee simple if a less estate be not limited by express words, or unless it clearly appear from the conveyance, or will, that a less estate was intended to be conveyed thereby.

In the case of *Johnson v. DeLome Land, etc., Co.,* 77 Miss., 15; 26 South., 360, this court said that " the intention of the testator is the polar star for inquiry in the interpretation of his will, but such intention must be collected from the words which he has employed. The question is not, what he wished, but what he has said. . . . Our duty is to ascertain not what the testator may be supposed to have intended, but the meaning of the words he has used; and these we must construe according to their ordinary and grammatical sense." In the case cited the third clause of the will of the testator was as follows: " Third, I give the remainder of my estate to my daughter, Agnes Miller, during her life, and after her death to her children. Should she, however, die without child or children, I give at her death to my brother, Harvey Miller." Agnes died without children, and Harvey Miller, the brother of the testator, claimed the property in fee simple after her

death, and by deed conveyed the same to the DeLome Land & Planting Company. The heirs at law of the testator set up title to the property. This court, construing Code 1880, § 1189 (the same as Code 1892, § 2435, and Code 1906, § 2764), stated that "under this statute the devise to Harvey Miller must be construed as a devise to Harvey Miller and his heirs, in fee simple, and, if such had been the language of the devise, it would be clear that it was not on the contingency of Harvey Miller's surviving Agnes." See also *Sims* v. *Conger,* 30 Miss., 231; 30 Am. & Eng. Ency. Law (2 ed.), 744; *Harris* v. *McCann,* 75 Miss., 805; *Pressgrove* v. *Comfort,* 58 Miss., 644.

In the case of *Halsey* v. *Gee,* 79 Miss., 193, the will in question provided that "I give to my two grandsons the tract of land known as the Big Sandy Place, and on their death without issue, said land shall go to the surviving grandson, and in the event that both of them died without issue the land was to go to another devisee named. It was contended that the first took only a life estate. This court, however, held that the grandsons took a fee simple, although the will provided that the land should go to some one else in case of their deaths without issue.

The language of the will of Mrs. McLain is that "*I bequeath all of my property to Eliza J. Haring, my sister; at her death her heirs are to have it."* These words bring the will under the rules of law above stated, and give the right of inheritance to all of the heirs of Mrs. Haring generally. No specified estate in her is carved out of the inheritance upon which to base an estate in remainder. Keeping Code 1880, § 1189; Code 1882, § 2435, before us as we examine the will, it does not appear that "a less estate is not limited by express words," nor does "it appear from the conveyance or will that a less estate was intended to be passed" to Mrs. Haring than a fee simple.

Calhoon, J., delivered the opinion of the court.

The will of Amelia A. McLain is in these words: " In the year of our Lord, 1878, I, Amelia A. McLain, am sound in mind and body so far as I know and declare the same before God and man October 10th, 1878; at my death I bequeath all of my property to Eliza J. Haring, my sister; at her death her heirs are to have it." By these testamentary words Mrs. Haring took a fee-simple title on the death of the testator, under the law at the date of its execution and ever since.

*Affirmed.*